UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FISHER-PRICE, INC. and
MATTEL, INC.,

                          Plaintiffs,

                                           **Hon. Hugh B. Scott**

            v.                               04CV480A

                                           **Report
                                           &
                                 Recommendation**

DOREL JUVENILE GROUP, INC.,
DOREL INDUSTRIES, INC., and
DOREL U.S.A., INC.,

                          Defendants.

       This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C) (Docket No. 38, Nov. 18, 2004).   The instant matter before the Court is defendants' Dorel Industries, Inc. ("Industries"), and Dorel U.S.A., Inc. ("USA")[1], renewed motion (Docket No. 52) to dismiss the Complaint on personal jurisdiction grounds and to strike the summons, Fed. R. Civ. P. 12(b)(2), (5).  This is a renewal of an earlier motion filed in this action (Docket No. 19) which was dismissed without prejudice to its renewal (Docket No. 49).  Also pending before the Court is defendants' motion to dismiss the Amended Complaint (Docket No. 71), essentially on the same grounds argued in the renewed motion as to the original Complaint.

---

      [1]Industries and USA collectively will also be referred to as "moving defendants".

## BACKGROUND

This is a patent infringement action involving five[2] patents in toy vehicles (replicas of

Corvettes and fire trucks that children can ride in).  (See Docket No. 1, Compl. ¶¶ 10-13, 14-19,

Exs. A-D; Docket No. 68, Am. Compl. ¶¶ 10-14, 15-20, Exs. A-E).)  Plaintiffs, noted toy

manufacturers and holders of the patents at issue, allege the unauthorized, infringing sales of

defendant Safety 1st's Corvette Race Car and Rescue Fire Truck ride-on through Toys-R-Us and

other vendors, which plaintiffs allege caused irreparable harm to plaintiff Fisher-Price's

competing line of PowerWheels children's ride-on vehicles (see Docket Nos. 1, Compl.), 68,

Am. Compl.).  Plaintiffs allege

> "upon information and belief, Defendants Dorel Juvenile Group, Inc., Dorel
> Industries, Inc. and Dorel U.S.A., Inc., conduct and/or have conducted business
> and derive substantial revenue from the sale of children's products within this
> jurisdiction using trademarks associated with Dorel and Safety 1st, including the
> battery-powered children's ride-on toy vehicle known as the 'Safety 1st Corvette
> Race Car.'"

(Docket No. 1, Compl. ¶ 7; see Docket No. 68, Am. Compl. ¶ 7.)  While not alleging personal

jurisdiction, plaintiffs alleged that venue is proper in this District under 28 U.S.C. §§ 1391 and

1400 (id. ¶ 9).  The Amended Complaint does not change these allegations (cf. Docket No. 68,

Am. Compl. ¶¶ 7, 9).

---

[2]The original Complaint alleged infringement of four patents.  Docket No. 1.  Separately,
plaintiffs moved to amend the Complaint to allege a fifth patent was infringed.  Docket No. 50.
That motion was separately granted.  Docket No. 67, June 30, 2005; see Docket No. 68
(Amended Complaint, filed July 7, 2005).  Defendants filed an Answer to the Amended
Complaint with Counterclaim, Docket No. 70, as well as the motion to dismiss the Amended
Complaint, Docket No. 71.
    Plaintiffs also sought a Scheduling Order.  That Order also was entered.  Docket No. 69.

Industries is a Quebec corporation (see Docket No. 1, Compl. ¶ 5), while USA is a

Delaware corporation with its principal place of business in Indiana (see id. ¶ 6).  According to

defendants, Industries owns 100% of the stock of USA; USA, in turn, owns 100% of the stock of

non-moving defendant Dorel Juvenile Group ("Juvenile") (Docket No. 25, Defs. Motion, Ex. 2,

Rana Decl. ¶ 3).  Juvenile is the manufacturer of the Safety 1st line, and is incorporated in

Massachusetts (id., Rana Decl., Attach. A, "Dorel Industries Inc. 2003 Renewal Annual

Information Form," at 11).  The moving defendants deny being a designer or manufacturer of the

items at issue here and both deny having any meaningful contacts with New York State to be

governed by its long-arm statute.  They contend that Juvenile is the designer and manufacturer

and the entity that used the patents at issue here.

Plaintiffs commenced this action on June 28, 2004 (Docket No. 1), and moved for an

expedited preliminary injunction (Docket Nos. 2, 3).  The Court scheduled discovery relevant to

that motion (Docket No. 7).  On the eve of the preliminary injunction hearing, the parties entered

into a Stipulation and Agreed Order for Preliminary Injunction (Docket No. 33 (entered Oct. 3,

2004)).  The parties, following that stipulation but prior to a Rule 16(b) conference, attempted to

conduct informal voluntary discovery until a dispute arose that was resolved by this Court (see

Docket Nos. 34 (motion to compel), 48 (Order)).

Plaintiffs then moved for leave to amend to allege infringement of a fifth patent involving

a battery powered fire truck and Corvettes in different colors than were alleged in the other four

patent claims, as well as sought an expedited scheduling Order.  (Docket No. 50, granted, Docket

No. 67; see Docket No. 68, Am. Compl.).

The moving defendants then renewed their motion to dismiss as to them (Docket No. 52), relying upon its previous motion papers (see Docket Nos. 18, 19, 20, 21, 25, 26).  The moving defendants later withdrew their motion to quash service of process as to Industries (Docket No. 59, Defs. Reply Memo. at 2 n.2[3]).  This motion eventually was scheduled for argument on April 20, 2005 (see Docket No. 58), but a settlement conference was held instead and argument of the motion was held in abeyance while settlement talks were ongoing (Docket No. 62).  A further settlement conference was held along with argument of this motion on June 20, 2005 (Docket No. 66).  During oral argument, plaintiffs produced a copy of the 2004 Dorel Corporate Fact Book from Dorel's website, arguing that a discoverable issue exists as to the roles of Industries and USA and these patents.[4]  Defendants then made their second motion against the repeated allegations in the Amended Complaint (Docket No. 71).

## DISCUSSION

Given Industries' withdrawal of its motion regarding service of process (Docket No. 59, Defs. Reply Memo. at 2 n.2), this Report & Recommendation considers only the moving defendants' motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) and New York CPLR 301 and 302 (New York's long-arm statutes).  The

---

[3]The motion to dismiss the Amended Complaint appears to revive the motion to quash service process, Docket No. 71, at 1, but without alleging new facts about the service of the Amended Complaint, cf. Docket No. 68, Am. Compl. at 9 (certificate of service, serving defense counsel with pleading).  Given the disposition of the remainder of the motion, the motion to quash will be deemed waived by the earlier declaration.

[4]In their papers, moving defendants argued that the annual reports contained on Industries' website made simplified references to "Dorel" or "divisions" and "segments" of "Dorel" and not legally precise descriptions of the corporate structures.  Docket No. 25, Defs. Motion, Ex. 2, Rana Decl. ¶ 7.

moving defendants argue that Industries and USA do not have any meaningful contacts with New York or any role in the alleged infringing activities.  Plaintiffs counter that they made a <u>prima facie</u> showing that personal jurisdiction in New York exists to allow this Court to exercise jurisdiction over Industries and USA.  (Docket No. 54, Pls. Memo. at 2, 4-5.)  Since the moving defendants brought in facts outside of the pleadings, defendants really seek a summary judgment (<u>id.</u> at 2).  Plaintiffs argue that they need discovery, similar to an objection to a summary judgment motion under Rule 56(f), as to Industries and USA's respective roles with these patents and commercial activities to properly respond to the moving defendants' motion, and that a ruling on this motion should be deferred until discovery has been conducted.  (<u>Id.</u> at 1, 5-9; Docket No. 55, Pls. Atty. Decl. ¶¶ 2-5.)  The moving defendants reply that plaintiffs rely only upon allegations made upon information and belief and thus have not stated a <u>prima facie</u> allegation of personal jurisdiction over them to avoid Rule 12(b)(2) dismissal (Docket No. 59, Defs. Reply Memo. at 3; Docket No. 1, Compl. ¶ 7; Docket No. 68, Am. Compl. ¶ 7), <u>see</u> <u>Welsh v. Servicemaster Corp.</u>, 930 F. Supp. 908, 910 (S.D.N.Y. 1996).

I.      USA and Industries and Their Purported Contacts with New York

USA is a holding company and does not design or manufacture products.  (Docket No. 18, Taylor Decl. ¶¶ 5-6; Docket No. 25, Defs. Motion, Ex. 2, Rana Decl. ¶ 3; Docket No. 20, Defs. Memo. regarding USA at 1.)  USA is not authorized to conduct business in New York, it does not solicit business in New York, it does not have offices, property, or bank accounts in this state, and it does not have an agent for service of process in New York (Docket No. 18, Taylor Decl. ¶¶ 7-9).  It does not have employees, shareholders, business records or a telephone listing in this state (<u>id.</u> ¶ 9) and it is not required to pay taxes in New York (<u>id.</u> ¶ 10).

Industries did not design or manufacture the riding toys at issue here, employing people

only in Canada.  (Docket No. 25, Defs. Motion, Ex. 2, Rana Decl. ¶¶ 9, 21-22.)  Industries does

not pay for product inventory or insurance premiums for its subsidiaries.  (Id., Rana Decl. ¶ 16.)

Industries does not have contacts with New York to have its long arm jurisdiction apply to them

(see id., Rana Decl. ¶¶ 21-23, 25-27).  The only contacts with New York that Industries have are

the fact that New York investors may have purchased Industries' publicly traded stock and its

website accessible in this state (id., Rana Decl. ¶¶ 24, 25).

II.    Personal Jurisdiction Standards

Since this is a patent case, questions of federal law are governed by United States Court

of Appeals for the Federal Circuit precedent.  3D Sys., Inc. v. Aarotech Labs., 160 F.3d 1373,

1377-78 (Fed. Cir. 1998).  Personal jurisdiction can be exercised over a defendant "if the relevant

state's long-arm statute permits the assertion of jurisdiction without violating federal due

process." 3D Sys., supra, 160 F.3d at 1376-77.  Plaintiffs bear the burden of demonstrating this

Court's jurisdiction over a defendant.  Inamed Corp. v. Kuzmak, 249 F.3d 1356, 1360 (Fed. Cir.

2001).  Plaintiffs must make at least a prima facie showing of jurisdiction.  Electronics for

Imaging, Inc. v. Coyle, 340 F.3d 1344, 1349 (Fed. Cir. 2003).  "In order to defeat a

[Rule] 12(b)(2) motion at the pre-discovery stage, the plaintiff must make a prima facie showing

of personal jurisdiction by coming forward with legally sufficient allegations of jurisdiction."

Gonzalez-Doldan v. The Am. Board of Plastic Surgery, No. 97CV902, 1998 U.S. Dist. LEXIS

9030, at *6 (W.D.N.Y. June 18, 1998) (Elfvin, J.).

III.     Discovery before Decision on Motion to Dismiss

Plaintiffs argue that this motion is essentially one for summary judgment, based upon the extra-pleading materials submitted by the moving defendants (Docket No. 54, Pls. Memo. at 5). As such, plaintiffs claim that they are entitled to discovery if they cannot allege facts to oppose defendants' motion (id. at 5-6).

The moving defendants contend that, assuming the standard of Rule 56(f) is applicable (but cf. Docket No. 59, Defs. Reply Memo. at 7 n.4), Juvenile responded to two of plaintiffs' discovery requests pertinent to the scope of the moving defendants' activities, stating that no such documents exist.  Coupled with the moving defendants' affidavits in this motion, there are no documents with respect to "the manufacture, use, offering for sale, sale or importing into the United States of America of a children's ride-on vehicle."  (Docket No. 59, Defs. Reply Memo. at 6.)

But the last sentence of Rule 12(b), which allows the Court to convert a Rule 12(b) motion into one for summary judgment under Rule 56, applies only to a motion to dismiss for failure to state a claim under Rule 12(b)(6).  See 5C Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1366, at 146-47 (Civil 3d ed. 2004); see id. § 1364, at 124-27 (the validity of defenses under Rule 12(b)(1) through (b)(5) and (b)(7) rarely is apparent on the face of the pleading and the motion requires reference to matters outside of the pleadings); Linzer v. EMI Blackwood Music, Inc., 904 F. Supp. 207, 212 (S.D.N.Y. 1995).  A Rule 12(b)(2) defense, for example, is a plea in abatement and only challenges the propriety of a particular federal court adjudicating of the claim before it, and does not reach the validity of the underlying claim itself, while a summary judgment motion is designed to test the merits or viability of the

7

claim.  5C Federal Practice & Procedure, supra, § 1366, at 147.  "Unlike motions made under Rule 12(b)(6), which must be converted by a court into a motion for summary judgment before extraneous material may be considered, other Rule 12(b) motions need not be converted for a court to look beyond the pleadings."  Linzer, supra, 904 F. Supp. at 212; Kamen v. American Tel. & Tel., 791 F.2d 1006, 1011 (2d Cir. 1986).  Therefore, the Court may consider defendants' extra-pleading material without the full panoply of a conversion to a summary judgment motion, including Rule 56(f)'s discovery provisions.  There is nothing in Rule 12(b)(2) to require plaintiffs obtain discovery before resisting a motion to dismiss on personal jurisdiction grounds. As the Second Circuit held, this Court has considerable procedural leeway in addressing a motion to dismiss on personal jurisdiction grounds:  the Court could decide on affidavits alone, it could grant plaintiffs discovery, or it could conduct an evidentiary hearing.  Marine Midland Bank, N.A. v. Miller, 664 F.2d 899, 904 (2d Cir. 1981).  If the Court does not hold an evidentiary hearing on the motion, "the plaintiff need make only a prima facie showing of jurisdiction through its own affidavits and supporting materials.  Eventually, of course, the plaintiff must establish jurisdiction by a preponderance of the evidence, either at a pretrial evidentiary hearing or at trial.  But until such a hearing is held, a prima facie showing suffices, notwithstanding any controverting presentation by the moving party, to defeat the motion."  Id.

Here, plaintiffs have not made that prima facie showing.  They rely solely upon their allegations in the Complaint, made upon information and belief, which generally state that all three defendants conduct business within this jurisdiction (see, e.g., Docket No. 1, Compl. ¶ 7; Docket No. 68, Am. Compl. ¶ 7).  They do not point to evidence suggesting that the moving defendants either were involved with the alleged patent infringements (see Docket No. 59, Defs.

Reply Memo. at 8) or have significant contacts with New York to vest this Court with personal jurisdiction over the movants.  See In re: Ski Train Fire in Kaprun, Austria on Nov. 11, 2000, 343 F. Supp. 2d 208, 217 (S.D.N.Y. 2004); see also Jazini v. Nissan Motor Co., 148 F.3d 181, 184-85, 185-86 (2d Cir. 1998) (no specific allegation of subsidiary controlled by parent). Plaintiffs do not identify the type of discovery they seek on the personal jurisdiction issue (see Docket No. 59, Defs. Reply Memo. at 6-7).

Plaintiffs are not entitled to discovery on personal jurisdiction questions where it is unlikely that such discovery will yield any useful information.  Gonzalez-Doldan, supra, 1998 U.S. Dist. LEXIS 9030, at *5-6.  Courts are reluctant to permit plaintiffs to drag defendants through potentially costly discovery on jurisdictional issues without a showing that discovery will likely permit plaintiffs to establish the existence of jurisdiction.  See Bellepointe, Inc. v. Kohl's Dep't Stores, Inc., 975 F. Supp. 562, 565 (S.D.N.Y. 1997).  The Bellepointe court held that

> "plaintiff cannot put defendant through the costly process of discovery, even discovery limited to jurisdictional matters, simply because it thinks that it can probably show significant contact with the state of New York if discovery were to proceed.  Indeed, plaintiff's protestations to the contrary notwithstanding, it is hard to believe that plaintiff will be able to establish 'presence' in the state.  If defendant engaged in the type of systematic and regular business contact with New York which is sufficient to establish presence, plaintiff would surely know something about it even prior to the initiation of discovery."

Id.  Plaintiffs here have not shown that these defendant had systematic or regular business in New York to establish a presence recognized either under New York's long-arm statute or under the Due Process Clause.

IV.     Application

    A.     Dorel U.S.A.

The moving defendants contend that there is no jurisdiction under CPLR 302, the "transacts any business within the state" specific jurisdiction provision (Docket No. 20, Defs. Memo. regarding USA at 3-5) or the "doing business" catchall general provision of CPLR 301 (id. at 5).  Further, any exercise of jurisdiction over USA would not comport with federal due process, as construed by the Federal Circuit (id. at 5-8).  USA does not have the indicia of jurisdiction recognized by New York courts (or courts applying CPLR 301) for an entity having a systematic presence in this state, such as whether defendants maintain an office, mailing address, bank account or telephone number in the state, whether they own property in the state, whether they solicit business in New York and whether employees and/or agents of the defendants are located in New York.  Gonzalez-Doldan, supra 1998 U.S. Dist. LEXIS 9030, at *8.  USA is not authorized to conduct business in New York, it owns no property here, has no employees, offices, telephone listings, or bank accounts in this state (Docket No. 18, Taylor Decl. ¶¶ 7-9). Plaintiffs do not even allege an argument that USA, as a parent corporation, has a relationship with its subsidiaries to claim personal jurisdiction over the parent through the actions of the subsidiaries; plaintiffs do not allege specifically the activities of the subsidiaries that would extend personal jurisdiction over parent USA.  Even if plaintiffs so alleged, the moving defendants here deny that type of control existed.  (See Docket No. 20, Defs. Memo. regarding USA at 1-2.)

B.      Dorel Industries

Similarly, Industries alleges that plaintiffs lack personal jurisdiction over it in New York (Docket No. 26, Defs. Memo. regarding Industries at 9-12, 12-15).  Industries also lacks the indicia of jurisdiction under CPLR 301 for an entity having a systematic presence in this state. Industries also is not licensed to do business in New York.  (Docket No. 25, Defs. Motion, Ex. 2, Rana Decl. ¶ 23.)  The only contacts Industries had with this state are its publicly traded stocks, publicly accessible website (id. Rana Decl. ¶¶ 24, 25).  Industries does not own property in this state, it does not have offices, employees, bank accounts, or telephone listings in New York (id. Rana Decl. ¶ 26).  These contacts are not sufficiently meaningful to extend New York's long-arm jurisdiction over Industries.

## CONCLUSION

Based upon the above, it is recommended that the joint motion of defendants Dorel Industries, Inc., and Dorel U.S.A., Inc. (Docket Nos. 52, 71), to dismiss the Complaint or the Amended Complaint as to them on personal jurisdiction grounds, Fed. R. Civ. P. 12(b)(2), be **granted**.


Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report & Recommendation**

**in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and W.D.N.Y. Local Civil Rule 72.3(a).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on *de novo* review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance.  See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

SO ORDERED.

_____
s/HBS
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
       July 27, 2005

12